IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2013

**LARRY KEITH HUDDLE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County**
**No. C59592     R. Jerry Beck, Judge**

**No. E2012-01903-CCA-R3-PC - Filed June 27, 2013**

In June 1998, petitioner, Larry Keith Huddle, entered a "no contest" plea to one count of attempted aggravated sexual battery. Pursuant to the plea agreement, he received an eight-year sentence, with thirty-five percent release eligibility, to be served in community corrections. His sentence expired in 2004, but he remained under community supervision for life. In 2011, petitioner filed a petition for post-conviction relief, arguing that he pleaded guilty without knowing that he would be subject to community supervision for life. Following a hearing, the post-conviction court dismissed the petition, finding that the petition was not timely. On appeal, petitioner contends that *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010), announced a new rule of constitutional law that should be applied retroactively, which would toll the statute of limitations and render his petition for post-conviction relief timely. He further argues that he received ineffective assistance of counsel and that the State now carries the burden of proving that the failure to advise him of the condition of community supervision for life was harmless beyond a reasonable doubt. Following our review of the record and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Ilya I. Berenshteyn, Bristol, Tennessee, for the appellant, Larry Keith Huddle.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Barry Staubus, District Attorney General; and Julie Canter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Facts and Procedural History

Petitioner was indicted for the August 10, 1997 aggravated rape of his ex-wife. The record reflects that they had divorced but lived together and maintained a relationship. On June 5, 1998, he entered a "no contest" plea to attempted aggravated sexual battery. He was sentenced to eight years, to be served in community corrections. The trial court revoked his community corrections sentence upon proof that he had violated the terms of his sentence, and this court affirmed the revocation. *See State v. Larry Keith Huddle*, No. E1999-00250-CCA-R3-CD, 2000 WL 527886, at *1 (Tenn. Crim. App. May 2, 2000). Petitioner's sentence expired on August 24, 2004.

On June 27, 2011, petitioner filed a document styled "Motion to Reopen Post[-]Conviction Petition." The post-conviction court appointed counsel, and petitioner filed an amended petition for post-conviction relief. The post-conviction court held a hearing on the motion, at which petitioner and his trial counsel testified.

Trial counsel testified that he did not advise petitioner prior to his plea hearing that petitioner would be subject to community supervision for life if he entered a "no contest" plea to attempted aggravated sexual battery. In 2006, trial counsel filed a motion to set aside petitioner's community supervision for life.

Petitioner testified that neither trial counsel nor the trial court advised him that a conviction for attempted aggravated sexual battery entailed the "additional punishment" of community supervision for life. Petitioner agreed that the community supervision had "presented problems in [his] life" because he had been to court many times for violations of the terms of community supervision. The first time that he learned of the lifelong community supervision was in 2004, when a "Ms. Moody" informed him. He agreed that he signed a community supervision for life certificate. Petitioner testified that he signed the certificate because he believed he would go "straight to jail" if he did not. The post-conviction court admitted the community supervision certificate into evidence.

On cross-examination, petitioner testified that he understood that the Class A felony with which he was originally charged carried a penalty of up to twenty-five years. He said that he would rather have spent fifteen to twenty-five years in jail than be subject to community supervision for life.

Following the hearing, the post-conviction court entered an order denying post-conviction relief. In the order, the post-conviction court made the following findings: (1)

petitioner filed his petition for post-conviction relief within one year of the publication of *Ward v. State*; (2) the guilty plea transcript indicated that the trial court never "advised the petitioner of life[]time supervision as a violent sex offender; and (3) under Tennessee Code Annotated section 39-13-524(a), any person convicted after July 1, 1996, of attempted aggravated sexual battery would receive a sentence that included community supervision for life. Following this court's conclusions in *Derrick Brandon Bush v. State*, No. M2011-02133-CCA-R3-PC, 2012 WL 2308280 (Tenn. Crim. App. June 15, 2012), *argued* (Tenn. May 1, 2013), the post-conviction court found that petitioner's claim for relief was barred by the statute of limitations. The petitioner now appeals.

## II. Analysis

On appeal, the petitioner argues that the new rule of constitutional law announced in *Ward v. State* should be retroactively applied to his case and that doing so would render his petition for post-conviction relief timely. Alternatively, he contends that due process should toll the statute of limitations. He also argues that he received ineffective assistance of counsel and that the State bears the burden of proving that the trial court's failure to advise him of the community supervision for life provision of his sentence was harmless beyond a reasonable doubt. The State responds that *Ward v. State* should not be retroactively applied to petitioner's case. We agree with the State.

A person convicted of a crime must petition for post-conviction relief within one year of the final action of the highest state court that has considered the claim. Tenn. Code Ann. § 40-30-102(a).[1] Time is of the essence when asserting a claim for post-conviction relief, and a petitioner's compliance with the statute of limitations is an element of the right to file a petition. *See id*. § 40-30-102(b). A petition for post-conviction relief must include facts that demonstrate timely filing or justification for tolling the statute of limitations period. *See State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). A petitioner's failure to include sufficient factual allegations of either compliance with the statute or circumstances that require the court to toll the statute will result in dismissal. *Id.* However, pursuant to Tennessee Code Annotated section 40-30-102(b)(1)-(3), this court may consider a petition for post-conviction relief filed outside the one-year statute of limitations if the petitioner's claim (1) is based upon a final ruling of an appellate court establishing a new constitutional right; (2) is based upon new scientific evidence establishing that petitioner is actually innocent; or (3) seeks relief from a sentence that was enhanced because of a prior conviction that was found to be invalid.

---

[1] Tenn. Code Ann. § 40-30-102 replaced § 40-30-202.

In addition to the exceptions above, this court will also consider an untimely petition if due process considerations require tolling of the post-conviction statute of limitations. *See Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204, 210 (Tenn. 1992). "To determine if due process requires the tolling of the statute of limitations, a court must weigh the petitioner's interest in having an opportunity to present his claims in a meaningful time and manner against the state's interest in preventing the litigation of stale and fraudulent claims." *Gerald Wayne Carter v. State*, No. W2008-00652-CCA-R3-PC, 2008 WL 4922710, at *2 (Tenn. Crim. App. Nov. 13, 2008) (citing *Burford*, 845 S.W.2d at 208). When determining whether due process considerations mandate tolling of the statute of limitations, a court should use a three-step process:

> (1) determine when the limitations period would normally have begun to run;
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
> (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State,* 903 S.W.2d 297, 301 (Tenn. 1995)

In this case, petitioner filed his petition for post-conviction relief more than twelve years after the statute of limitations expired. The petitioner relies on Tennessee Code Annotated section 40-30-102(b)(1) to assert that the Tennessee Supreme Court's ruling in *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010), was a new constitutional rule meant to be retroactively applied and would operate to toll the statute of limitations in his case. In *Ward*, the supreme court held that a trial court has "an affirmative duty to ensure that [the] defendant is informed and aware of the lifetime supervision requirement prior to accepting" the defendant's guilty plea. *Id.* at 476. Petitioner asserts that he should be allowed to challenge his "no contest" plea under *Ward*. We disagree.

This Court previously concluded that *Ward* does not apply retroactively to toll the running of the one-year statute of limitations applicable to petitions for post-conviction relief. *See Derrick Brandon Bush*, 2012 WL 2308280, at *9. The supreme court has granted Bush's application to appeal and has heard arguments in the case. Nevertheless, "we agree with its reasoning in concluding that *Ward* should not be applied retroactively in post-conviction proceedings." *Jose Juan Frierson v. State*, No. M2011-01665-CCA-R3PC, 2012 WL 6163127, at *10 (Tenn. Crim. App. Dec. 11, 2012); *see also*, *John E. Allen, Jr. v. State*, No. M2012-01732-CCA-R3-PC, 2013 WL 948366, at *2 (Tenn. Crim. App. March 11, 2013), *perm. app. filed* (Tenn. April 12, 2013). Accordingly, petitioner is not entitled to have the applicable statute of limitations tolled on the basis of the supreme court's decision in *Ward*.

Petitioner also contends that due process requires the tolling of the statute of limitations, citing *Ward* as a "later-arising" ground for relief under *Sands*. *See Sands*, 903 S.W.2d at 301. Petitioner pleaded guilty in June 1998, and his judgment became final in July 1998. The statute of limitations for post-conviction relief in this case would have expired in July 1999. Petitioner learned that he would be under community supervision for life in August 2004. *Ward* was filed on July 7, 2010.

First, we note that the due process tolling argument is entirely separate from the tolling created by a new, retroactive rule of constitutional law, which is a statutory grounds for relief under Tennessee Code Annotated section 40-30-102(b)(1). In addition, if *Ward* cannot be retroactively applied, then it logically follows that it cannot be a later-arising grounds for relief. Furthermore, petitioner could have brought his claim any time prior to the filing of *Ward*, as Ward himself and others did. *See, e.g.*, *Marcus Ward v. State*, No. W2007-01632-CCA-R3-PC, 2009 WL 113236, at *11 (Tenn. Crim. App. Jan. 14, 2009), *rev'd,* 315 S.W.3d 461 (Tenn. 2010); *Chad Alan Parker v. State*, No. M2007-02799-CCA-R3-PC, 2008 WL 2938046, at *8 (Tenn. Crim. App. July 31, 2008). Our supreme court has noted that "[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011). Such circumstances include "petitioner's mental incompetence during the limitations period, . . . the withholding of exculpatory evidence by the prosecution during the limitations period, . . . [and] [a]n attorney's active misrepresentations to his client about the status of his or her case." *Bush*, 2012 WL 2308280, at *9 (citations omitted). An attorney's negligence would not be sufficient to toll the statute of limitations. *Smith*, 357 S.W.3d at 358. Because we have concluded that the supreme court's ruling in *Ward* cannot be considered a later-arising ground for post-conviction relief and because petitioner has not argued that any other circumstance beyond his control existed to prevent him from filing his petition for post-conviction relief in a timely manner, we hold that the trial court properly dismissed the petition for post-conviction relief as untimely.

Furthermore, even if we were to conclude that petitioner's discovery that he was subject to community supervision for life constituted a later-arising ground for relief, which he has not argued, the statute of limitations could not be tolled *ad infinitum*. "Although the supreme court has declined to establish a 'bright line rule' for the applicable statute of limitations that should apply to an alleged later-arising claim for post-conviction relief, it has certainly indicated that the timeliness of the petitioner's eventual filing is a relevant circumstance." *Bush*, 2012 WL 2308280, at *10 (citations omitted). This court has previously held that a period two to four years is too long of a delay in filing a petition after learning of a later-arising grounds for relief. *Id.* (citing *Tyrone Chalmers v. State*, No. W2003-02759-CCA-R3-PC, 2005 WL 1249072, at *3 (Tenn. Crim. App. May 23, 2005));

*State v. Dana Louis Solomon*, No. E2008-01713-CCA-R3-CD, 2009 WL 3247427, at *1 (Tenn. Crim. App. Oct. 9, 2009). Likewise, we conclude that petitioner, irrespective of whether he would have been entitled to due process tolling of the statute of limitations following his learning that he would be subject to community supervision for life, he is not entitled to have the statute of limitations period tolled for seven years. As his petition for post-conviction relief is not timely, we will not consider petitioner's remaining arguments.

## CONCLUSION

Based on the record, the parties' briefs, and the applicable law, we conclude that the post-conviction court properly dismissed the petitioner's petition for post-conviction relief as it was filed outside of the statute of limitations and petitioner has not shown that any grounds exists for tolling the statute of limitations.

_____
ROGER A. PAGE, JUDGE